UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

                Plaintiff,

-against-

FROST PRODUCTIONS et al.,

                Defendants.

21-cv-11155 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      The Court is in receipt of a Plaintiff's letter motion for discovery at ECF 47. Rule 2.E. of the Court's Individual Rules of Practice in Civil Cases requires that any party raising a discovery dispute must "confer in good faith," and a "good-faith conference" requires that a party engages in "meaningful dialogue." The parties' letters do not demonstrate that this requirement has been satisfied. For example, Plaintiff claims that the parties "conferr[ed] via Zoom last week during depositions and deposition breaks." ECF No. 47 at 2. Plaintiff apparently requested documents, which she believed were renewals of earlier requests, during depositions. ECF No. 50 at 2; *see generally* ECF No. 47. Defense counsel asked for these requests in writing after the depositions. ECF No. 50 at 2. Defense counsel indicated that they would respond to Plaintiff's requests by November 2, 2022. *Id* at 2. Before Defendants could respond, Plaintiff filed the instant motion on October 24, 2022. ECF No. 47. Based on these representations, it is unclear if the disputes are ripe for the Court's review because Defendants are still in the process of responding to Plaintiff's requests.

      Moreover, further discussions are clearly warranted because the parties' seemed to clarify their positions and resolve issues through the series of letters filed on the docket. For example, Plaintiff clarified that she sought only a witness' notes and not Defense counsel's

notes in her second letter, which may remedy the Defendants' objection regarding attorney work product, and Defendants indicated he would produce the individual for deposition requested by Plaintiff, obviating the dispute over witness production. ECF No. 51 at 4. However, the Court's docket is not the proper place for the parties to negotiate discovery disputes. Therefore, the motion for discovery is DENIED, without prejudice to refiling if any disputes remain after the Defendants' anticipated discovery response on November 2, 2022 and a meaningful meet and confer process thereafter.

    IT IS HEREBY ORDERED that if any further discovery disputes are brought to the Court the parties shall abide by Local Civil Rule 37.1, which requires that "the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." This was not done in the present filing by Plaintiff. This Court also does not permit reply letters on discovery disputes. See Rochon Individual Rules of Practice in Civil Case § 2E.

Dated: October 31, 2022
       New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                    United States District Judge