UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW LEBENNS,

                          Plaintiff,                  **ORDER**

                    -against-                  **21-CV-11155 (RA) (JW)**

FROST PRODUCTIONS, *et al.*,

                        Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 11, 2023, the parties called the Court to resolve a discovery dispute regarding the continuing deposition of Peter Markowitz. The two questions at issue are whether the continuation of Peter Markowitz's deposition was procedurally limited to 2 hours and, if so, whether the Plaintiff has good cause to enlarge the time frame. On May 12, 2023, the Court stated it would review written arguments and ordered letter submissions by May 16, 2023. Dkt. No. 12. The Court notes that Plaintiff's submissions at Dkt. Nos. 84 and 85 were not timely filed. Regardless, this Court reviewed all submissions and rules as follows: Plaintiff's request for oral argument is DENIED, Plaintiff's request for an enlargement of time for Peter Markowitz's deposition is GRANTED in part.

<u>Continuing Deposition of Peter Markowitz</u>

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." <u>See</u> Fed. R. Civ. P. 30(d). The deposition of Peter Markowitz on October 12, 2022, lasted for approximately 5 hours, then was cut short because the court reporter needed to leave. Dkt. No. 83 at ¶¶1-2. The parties agreed to

continue the deposition on a different date and agree the remaining time was approximately 2 hours. Dkt. Nos. 83 and 85.

Plaintiff argues that the deposition may continue beyond 2 hours in part because Defendant's counsel did not impose any time restriction on the continuing deposition of Peter Markowitz. Dkt. No. 84 at ¶3. However, Defendant's counsel was not required to set a time limit, as the 7-hour limit is presumptive pursuant to Fed. R. Civ. P. 30(d). Additionally, Plaintiff implicitly agreed to this time limit, whose counsel said on the record, "[s]o to the extent that we cannot finish, Plaintiff obviously respectfully reserves the right to complete the deposition because we haven't had *seven hours of deposition time*." Dkt. No. 83 at ¶2. The Court is satisfied that the remaining length of the deposition of Peter Markowitz is 2 hours.

### Plaintiff's Request for Enlargement

"A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." Robinson v. De Niro, No. 19-CV-9156 (KHP), 2022 WL 274677, at ¶2 (S.D.N.Y. Jan. 26, 2022). Plaintiff seeks an enlargement of the deposition of Peter Markowitz, citing previously unavailable documents as justification for the enlargement. Dkt. No. 84 at ¶¶ 2-3. As Plaintiff mentions, District courts have found "good cause" to provide enlargements where the witness needed to be deposed on voluminous documents. See e.g., City of Almaty v. Ablyazov, 15-CV-05345 (AJN) (KHP) (S.D.N.Y. Jul. 3, 2019). The Court notes that the documents Plaintiff relies on to support enlargement were provided back in March 2023 and Plaintiff did not request an enlargement of Peter Markowitz's deposition for over a month. However, the Court also recognizes that Plaintiff's counsel did expressly mention

2

that they would recall Peter Markowitz to re-depose him on the newly produced documents.  Id.  The Court is satisfied that good cause for an enlargement exists.

For the foregoing reasons, Plaintiff's request for an enlargement is GRANTED, but the Court limits the enlargement to 1.5 hours.  Therefore, Peter Markowitz shall sit for a continuing deposition for a total of 3.5 hours.

SO ORDERED.

DATED:   New York, New York
         May 18, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge