UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW LEBENNS,

                            Plaintiff,                          **ORDER**

                -against-                      **21-cv-11155 (JLR) (JW)**

FROST PRODUCTIONS, *et al.*,

                            Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of Plaintiff's letter motion for conference on Plaintiff's request to retain a forensics expert at Defendants' cost. Dkt. No. 90. Defendants oppose the request to retain an expert at Defendants' cost. Dkt. No. 94 at 6. Plaintiff's request is DENIED without prejudice. The record before the Court does not support sanctionable conduct pursuant to Fed. R. Civ. P. 37. Plaintiff may retain a forensics expert at his own cost and renew the request for sanctions to recover the costs if new information arises.

      The Court is also in receipt of Plaintiff's letter motion to schedule three additional depositions and extend discovery deadlines. Dkt. No. 91. Defendant opposes by saying that the requested depositions are not relevant to the action. Dkt. No. 94 at 4. The burden is on the requesting party to show the relevance of the information sought. Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 561 (S.D.N.Y. 2013). Further, even where relevance is established, the Court can limit discovery where it is "unreasonably cumulative or duplicative" or when "the burden or expense of the proposed discovery outweighs its likely benefit." Id. Here, the Court

previously allowed the deposition of Mun Kong, a coworker of the type that Plaintiff seeks to depose here. Dkt. No. 76. This Court is not persuaded that the additional testimony requested would yield relevant information outweighing the burden of the proposed depositions. Further, this Court does not believe that good cause exists to extend existing discovery deadlines to schedule these depositions. Plaintiff's request to compel Defendants to schedule depositions of proposed witnesses Barbara Green, Paul Witte, and Zack Lambirnon is DENIED.

Separately, this Court previously granted an extension request by Defendant to extend discovery to complete depositions of Plaintiff and Defendant Markowitz, among others. Dkt. No. 88. Plaintiff's letter suggests that these depositions have still not occurred. Dkt. No. 91 at 1. Any further requests for extensions of discovery deadlines should be made via joint letter by the Parties. If there is a dispute, Parties should state their respective positions in a joint letter.

The Clerk of the Court is respectfully requested to close the motions and Dkt. Nos. 90 and 91.

SO ORDERED.

DATED:   New York, New York
         July 27, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge