UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW LEBENNS,

                      Plaintiff,                      **ORDER**

          -against-                    **21-cv-11155 (JLR) (JW)**

FROST PRODUCTIONS, *et al.*,

                      Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of Plaintiff's letter motion requesting the Court's intervention with respect to (i) scheduling examination by Plaintiff's forensic expert, (ii) Plaintiff's request for hard copy client files underlying sales credit reports, and (iii) Plaintiffs request for "native" versions of alleged contracts. Dkt. No. 97. Plaintiff also asks for extensions to the fact discovery and expert discovery deadlines as warranted. Id. Finally, with respect to the forensics expert, Plaintiff explains the proposed plan of imaging four work computers/email servers for Plaintiff, Defendant McCarrick, Defendant Condon, and Patrick Rice and three cell phones of Defendant McCarrick, Defendant Condon, and Patrick Rice. Dkt. No. 99.

      Defendants object to Plaintiff's requests arguing (i) Defendants are not required to submit to and pay for Plaintiff's forensic examination, (ii) Defendants complied with the Court's order and produced data underlying the sales credit reports, and (iii) Defendants maintain there was never a final and agreed upon contract signed by the Parties. Dkt. No. 98.

For the reasons stated more fully below, Plaintiff's request is GRANTED in part. The expert discovery deadline is extended to October 2, 2023 for the limited purpose of obtaining the forensic expert analysis as outlined herein. The fact discovery deadline has elapsed, and the requests with respect to it are DENIED.

## **Fact Discovery**

Fact discovery in this action expired on July 30, 2023. As Plaintiff mentions, this Court has granted several extensions of the fact discovery deadline, which was originally set to expire on July 25, 2022. Dkt. No. 99; Dkt. No. 23. The Court considers six factors in deciding whether good cause to re-open discovery exists: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." Carroll v. Trump, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023) (quoting another source).

Here, Plaintiff claims outstanding discovery including client files underlying Sales Credit Reports and "native" versions of Plaintiff's alleged contract. Dkt. No. 97 at 2-3. Defendants state that they "produced 1,232 pages of proposals and invoices, consisting of underlying data related to Plaintiff's sales credit reports" and dispute that there was a final contract executed by the parties. Dkt. No. 98 at 2-3. The Court is satisfied by Defendants' counsel's representations that they have complied with their obligations to produce relevant discovery ordered by this Court. Therefore,

considering this and other factors above, the Court does not find good cause to reopen fact discovery and Plaintiff's requests with respect to it are DENIED.

## Expert Discovery and the Forensics Examination

Plaintiff also asks the Court to extend the expert discovery deadline to allow a forensic expert to examine electronic communications in the possession of Defendants. Dkt. No. 99. This Court previously stated "Plaintiff may retain a forensics expert at his own cost . . ." Dkt. No. 95. The Court further noted "the record before the Court does not support sanctionable conduct." Id. In the Court's view, the only scintilla of evidence Plaintiff offered of potential misconduct or information likely to produce relevant evidence was with respect to Defendant McCarrick. Therefore, the review of the forensics expert should be limited to the work computer and cell phone of Defendant McCarrick. Defendants are directed to allow Plaintiff's forensic expert to examine the work computer and cell phone of Defendant McCarrick for emails and text messages only during the relevant period by **September 15, 2023**. The expert discovery deadline is extended to **October 2, 2023**. Absent extraordinary circumstances or agreement of the Parties, the Court is not likely to entertain further requests to extend the expert discovery deadline. The Parties are reminded of their obligations to meet and confer in good faith.

The Clerk of the Court is respectfully requested to close the motions at Dkt. Nos. 97 and 99.

SO ORDERED.

DATED:    New York, New York
          August 31, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge