UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW LEBENNS,

                Plaintiff,                               **ORDER**

        -against-                          **21-cv-11155 (JLR) (JW)**

FROST PRODUCTIONS, *et al.*,

                Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of Defendants' motion to reconsider the Court's prior order granting Plaintiff's request for a forensic expert to review the electronics of Brendan McCarrick, Dkt. No. 101 ("Def. Req. to Reconsider"), along with Plaintiff's opposition to the request, Dkt. No. 103 ("Pl. Opp").  Additionally, the Court is in receipt of Plaintiff's motion to reconsider the Court's prior ruling closing discovery in this matter, Dkt. No. 102 ("Pl. Motion to Reconsider"), along with Defendants' opposition to the motion, Dkt. No. 104 ("Def. Opp.").  For the reasons stated below, Def. Req. to Reconsider is GRANTED, and the Court will permit further briefing on Pl. Motion to Reconsider as detailed below.

## Def. Req. to Reconsider

      On July 27, 2023, this Court issued an Order which said, "[t]he record before the Court does not support sanctionable conduct . . . Plaintiff may retain a forensics expert at his own cost."  Dkt. No. 95.  Subsequently, on August 31, 2023, this Court issued a clarifying order which said, "the only scintilla of evidence Plaintiff offered of potential misconduct . . . was with respect to Defendant McCarrick."  Dkt. No.

100. Defendants letter motion to reconsider notified the Court that McCarrick was not a defendant in this action and Defendants have no control over his personal device. Def. Req. to Reconsider at 1. Plaintiff's opposition notes that the inclusion of "Defendant McCarrick" in their request was a mistake, and asks the Court to uphold its prior orders allowing forensic examination. Pl. Opp.

"[R]econsideration is generally appropriate only where the movant demonstrates that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which had they been considered might reasonably have altered the result reached by the court . . ." [SimplexGrinnell LP v. Integrated Sys. & Power, Inc.](#), 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) (internal quotation marks omitted). Here, Defendants noted that the Court erroneously believed that Brendan McCarrick was a defendant in this action based on a mistake in Plaintiff's submission. Had the Court fully appreciated Brendan McCarrick's role in the case, the Court would have reached a different ruling with respect to the inspection of his electronic devices. As Brendan McCarrick is not a party to this action, the Court no longer believes that inspection of his devices is appropriate. Additionally, as the Court previously noted that the only scintilla of evidence of potential misconduct was with respect to Brendan McCarrick, the Court now finds that no forensic expert examination is warranted. Therefore, Def. Req. to Reconsider is **GRANTED**.

## Pl. Motion to Reconsider

Pl. Motion to Reconsider asks the Court to extend discovery deadlines citing the need for (i) the forensic expert examination, (ii) outstanding documents and the completion of depositions, and (iii) Plaintiff's damages expert. Defendants oppose

the request arguing that (i) Plaintiff has not been diligent in scheduling outstanding depositions, (ii) the Court noted on July 27, 2023 that depositions had not yet occurred, and stated that further discovery extension requests should be made via joint letter, (iii) Defendants produced 1,232 pages related to underlying data for the Sales Credit Report and Plaintiff waited four months after production to request additional documents, and (iv) Plaintiff belatedly disclosed their damages expert in violation of the Federal Rules of Civil Procedure.  Def. Opp.

The Court has already reversed its ruling with respect to forensic expert examination, mooting the need for further discussion.  With respect to the outstanding document discovery, the Court will hear the Parties further on what has been exchanged and what is still outstanding related to the data underlying the Sales Credit Report previously ordered by this Court.  Plaintiff is directed to file a letter of no more than 3-pages citing which documents are still outstanding by **October 11, 2023**.  Plaintiff's letter should also discuss the volume and location (physical copies/electronic etc.) of the outstanding documents to the extent they are known to Plaintiff.  Additionally, Defendants alleged that Plaintiff failed to timely disclose a damages expert in violation of Fed. R. Civ. P. 26(a)(2). Def. Opp. at 3.  Plaintiff may also respond on that issue in their letter.  Defendants are directed to respond in a letter of no more than 3-pages by **October 16, 2023**.  Defendants are invited to discuss the burden in their response.  The Court will stay its ruling on Pl. Motion to Reconsider pending the further briefing.

SO ORDERED.

DATED:   New York, New York
         October 5, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

4