**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ANDREW LEBENNS,

                                Plaintiff,                                **<u>ORDER</u>**

                 -against-                            **21-cv-11155 (JLR) (JW)**

FROST PRODUCTIONS, *et al.*,

                             Defendants.
----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

       On October 5, 2023, this Court issued an order allowing further briefing on Plaintiff's Motion to Reconsider at Dkt. No. 102. Dkt. No. 107 (the "October 5 Order"). The October 5 Order stated that Plaintiff was "directed to file a letter of no more than 3-pages citing which documents are still outstanding[.]" <u>Id</u>. at 3. This Court granted an extension request from Plaintiff to provide the supplemental letter by October 17, 2023. Dkt. No. 108. On October 18, 2023 at 9:51am, the day after the Court-ordered deadline, Plaintiff filed a 4-page letter in response. Dkt. No. 109 ("Pl. Suppl."). In response to Plaintiff's untimely submission, this Court granted Defendants' request for an extension and leave to file an additional page in their response. Dkt. No. 116. On October 23, 2023, Defendants filed their supplemental letter. Dkt. No. 118 ("Def. Suppl."). For the reasons stated below, Plaintiff's Motion to Reconsider at Dkt. No. 102 is DENIED. The Court has found that no further document production from Defendants is necessary, nor will it be ordered by this Court.

## BACKGROUND[1]

Plaintiff is suing his former employers Defendants alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and breach of contract. Dkt. No. 1 ("Compl."). The original case management plan set fact discovery to be due by July 25, 2022, and expert discovery to be due by September 8, 2022. Dkt. No. 23. District Judge Schofield granted three discovery extension requests in this action, Dkt. No. 104 at 2, and the last extension set a fact discovery deadline of October 24, 2022, and stated "[n]o further extensions will be granted absent extraordinary circumstances." Dkt. No. 40.

On October 24, 2022, Plaintiff moved to compel documents related to Defendants' underlying Sales Credit Reports and noted that depositions of Plaintiff Andrew Lebenns, Defendant Peter Markowitz, witness Brendan McCarrick, and witness Patrick Rice needed to be completed. Pl. Suppl., Ex. 2 (citing Dkt. No. 47). On October 25, 2022, District Judge Rochon granted a discovery extension wherein the request noted that the Parties were unable to complete the depositions of Plaintiff Andrew Lebenns, Defendant Peter Markowitz, and witness Brendan McCarrick. Dkt. No. 49.   On November 28, 2022, District Judge Rochon granted another discovery extension request setting fact discovery to be completed by March 31, 2023 and expert discovery to be completed by April 24, 2023, noting "Plaintiff's counsel is

---

[1] This Court presumes familiarity with the facts of the case and only recites those necessary to resolve the instant motion to reconsider.

given notice that the Court is unlikely to grant further extension requests." Dkt. No. 54.

On February 22, 2023, Plaintiff renewed the request for the data underlying the Sales Credit Reports ("SCR"), including "job proposals and invoices showing Plaintiff's commissionable sales figures; sales journal; sales reports; daily deposit slips showing payments received for jobs; and 'Follow-Up' sheets and client folders for projects performed during the relevant time period from 2018-2020." Dkt. No. 55. This Court noted on the record during a conference on the SCR dispute, "[i]t's just not clear to me when we say 'the underlying data.' It sounds like there's a lot that underlines these [SCRs]. It doesn't sound to me like all of it may actually be relevant." See Transcript, Dkt, No. 67 at 33. This Court further stated, "I think defense has added some useful color that some of it does seem to be truly more burdensome than perhaps what was initially contemplated, the idea that there might be hard copies and files and the like. It does sound like most of this is in some type of computer system." Id. at 35. On March 16, 2023, this Court ultimately granted the request for the data underlying the SCR. Dkt. No. 63 ("March 16 SCR Order"). Plaintiff conceded they received over 1200 pages of Defendants' invoices, spreadsheets etc. on March 24, 2023. Dkt. No. 72. On March 31, 2023, this Court granted Plaintiff's discovery extension request and set a fact discovery deadline of May 12, 2023 based on outstanding depositions and the volume of Defendants' SCR document production. Dkt. No. 73 ("March 31 Order").

From April 2023 to June 2023, there were a variety of discovery disputes and over a dozen docket entries in this action.  See Dkt. Nos. 74-89.  On April 13, 2023, this Court issued an order denying Defendants' motion to quash the subpoena issued to non-party Mun Kong, and limiting the scope of such deposition.  Dkt. No. 76 ("April 13 Mun Kong Order").  On April 18, 2023, this Court granted an extension of the expert discovery deadline to June 23, 2023.  Dkt. No. 79 ("April 18 Order").  Following a letter from Plaintiff, on April 27, 2023, this Court issued an order to enforce the subpoena of Brendan McCarrick.  Dkt. No. 81 ("April 27 McCarrick Order").  On May 18, 2023, this Court granted an enlargement of Defendant Peter Markowitz's deposition and ordered that he sit for a total of 3.5 hours, based in part on Plaintiff's claim of the voluminous document production.  Dkt. No. 86 ("May 18 Markowitz Order").

On June 20, 2023, this Court **set a fact discovery deadline of July 30, 2023 and expert discovery deadline of August 30, 2023** for the parties to, among other things, complete the depositions of Plaintiff, Defendant Markowitz, and witnesses Rice and McCarrick.  Dkt. No. 88 ("June 20 Order").  These were the last operative discovery deadlines in this action. [2]  On July 27, 2023, three days before the fact discovery deadline, this Court issued an order (i) denying Plaintiff's request to depose additional non-parties in this action, (ii) denying Plaintiff's request for a forensic expert examination at Defendants' costs, (iii) noting that the depositions of Plaintiff

_____

[2] This Court subsequently granted a discovery extension to October 2, 2023 for the sole purpose of Plaintiff's forensic expert examination, Dkt. No. 100, which this Court has reconsidered and deemed unnecessary, October 5 Order.

4

and Defendant Markowitz had still not been completed despite the Court's prior orders, and (iv) stating that further requests to extend discovery deadlines should be made via joint letter noting any disagreements among the Parties.  Dkt. No. 95 ("July 27 Order").

On August 20, 2023, almost a month after the fact discovery deadline expired, Plaintiff wrote to the Court alleging that "Defendants failed to produce any hard-copy client folders" and other documents related to the SCR.  Dkt. No. 97.  On August 24, 2023, Defendants opposed Plaintiff's letter stating, "Defendants produced 1,232 pages of proposals and invoices," and Plaintiff raised for the first time (after months of receiving the document production and after the close of fact discovery) that the document production was insufficient.  Dkt. No. 98.

On August 31, 2023, a day after expert discovery closed in this action, Plaintiff wrote to "move for an enlargement [of] the July 30, 2023 fact discovery and [] the August 30th expert discovery timelines in light of Defendants' still outstanding fact discovery and of the thereafter completion of the depositions of Defendant Markowitz, of defense witnesses Patrick Rice and Brendan McCarrick, and of Plaintiff's follow-up examination."  Dkt. No. 99.  Later the same day, this Court issued an order denying Plaintiff's request to reopen fact discovery, stating that this Court was "satisfied by Defendants' counsel's representations that they [] complied with their obligations to produce relevant discovery ordered by this Court [,]" and extending discovery deadlines for the sole purpose of a limited forensic expert examination

related to work devices of "Defendant McCarrick."  Dkt. No. 100 (the "August 31 Order").

On September 11, 2023, Plaintiff filed the instant motion to reconsider this Court's August 31 Order noting (i) the forensic expert examination, [3] (ii) a "damages expert (whom Plaintiff retained months ago)," (iii) outstanding depositions, and (iv) outstanding documents related to the SCR including "follow-up" sheets, client files/folders, and daily deposit slips.  Dkt. No. 102 ("Pl. Motion to Reconsider").  On September 14, 2023, Defendants filed their opposition arguing Plaintiff had not met the burden for reconsideration citing Plaintiff's lack of diligence in (i) disclosing the damages expert, (ii) scheduling outstanding depositions, and (iii) challenging and reviewing the SCR document production, which Defendants maintained was complete.  Dkt. No. 104 ("Def. Opp.").  On September 21, 2023, this Court stayed deadlines pending the Court's ruling on various motions.  Dkt. No. 106.  Upon review, on October 5, 2023, this Court issued an order reconsidering its prior ruling allowing forensic examination of McCarrick's devices, allowing further briefing on Pl. Motion to Reconsider by directing Plaintiff to file a letter regarding "what [documents were] still outstanding related to the data underlying the [SCR,]" and permitting Plaintiff to respond to the allegation that Plaintiff failed to disclose a damages expert in violation of Fed. R. Civ. P. 26(a)(2).  October 5 Order.

---

[3] This Court has already ruled that upon reconsideration, no forensic expert is warranted.  October 5 Order.

As stated previously, on October 18, 2023, Plaintiff filed their supplemental letter which violated the limits of this Court's October 5 Order and Local Civil Rule 11.1(b). Pl. Suppl. Plaintiff's submission was not timely filed, exceeded the page limit set by this Court's October 5 Order, and did not comply with the Local Rules requiring standard one-inch margins. This Court could have disregarded Plaintiff's Suppl. on that basis, but will nevertheless consider the substance of Plaintiff's arguments.

Plaintiff's first request is for documents Plaintiff alleges have not been produced showing the money Defendants received from Plaintiff's projects and showing Plaintiff's work performed on completed projects. Pl. Suppl. at 1. Despite clear direction from this Court to explain "which documents are still outstanding[,]" Plaintiff does not point to any specific documents and instead says "[t]he precise number of Defendants' still outstanding documents [are] not known to Plaintiff" but Plaintiff is assured that they are not included in what was already produced. Id. Plaintiff offers to go in person to Defendants' storage spaces and copy client folders where paper documents may be located. Id. at 2.

Plaintiff's second request is for Plaintiff's sequestered work computer and work email server. Pl. Suppl. at 2. Plaintiff concedes that Plaintiff previously moved to compel these exact documents in February and July 2023, and this Court already ruled with respect to them. Id. Plaintiff's third request is for documents contained in Defendants' work devices related to Plaintiff. Id. Plaintiff reiterates his request for work devices that the Court previously ruled on in its order reconsidering the forensic expert examination. See October 5 Order. Plaintiff's fourth request argues

7

that Plaintiff did not unduly delay scheduling depositions, citing "vital outstanding discovery." Pl. Suppl. at 2-3. Plaintiff's fifth and final request argues that their economic damages expert disclosure is in compliance with Fed. R. Civ. P. 26(a) because the discovery period has not yet elapsed. Id. at 3-4.

Defendants' opposition notes that Plaintiff failed to explicitly identify any outstanding documents and argues that the SCR document production shows the amounts clients paid for particular jobs. Def. Suppl. at 2. Defendants also outline how the SCR is generated and argue that at most, Plaintiff should be able to access the hard copy Acer account file. Id. Finally, Defendants reiterate their arguments that Plaintiff is responsible for discovery delays and failed to timely disclose their damages expert. Id. at 4.

## LEGAL STANDARD

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983)). "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Lesch v. U.S., 372 F. App'x 182, 183 (2d. Cir. 2010) (citation and internal quotation marks omitted). "Thus, a motion to reconsider

should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided." Id.

In determining whether to reopen discovery, the Court considers: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." Gao v. Savour Sichuan Inc., 2021 WL 4892864, at *2 (S.D.N.Y. Oct. 20, 2021) (citations omitted). "[A] party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." Saray Dokum v. Madeni Aksam Sanayi Turizm A.S., 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (citation and internal quotation marks omitted). The Court "may properly deny further discover if the nonmoving party has had a fully adequate opportunity for discovery." Id. (quoting another source).

## DISCUSSION

As the legal standard suggests, the Court need only address requests to reconsider where new information is introduced. On that basis, this Court will not address Plaintiff's requests for sequestered work devices as this Court finds no basis to reconsider its prior rulings on those issues. That leaves Plaintiff's request (i) for outstanding SCR documents, (ii) to finish outstanding depositions, and (iii) to permit their economic damages expert. This Court will address each of these issues in turn.

### A. Outstanding SCR Documents

As this Court stated in its August 31 Order, this Court is satisfied with Defendants' counsel's representations that they have complied with this Court's order to produce the relevant data underlying the SCR.  August 31 Order at 2.  Notably, Plaintiff's request includes no specific documents other than to say Plaintiff wants information on what clients actually paid to Defendants.  Pl. Suppl. at 1-2.  Plaintiff argues without justification that the invoices do not show what Defendants received for projects.  Id. at 1. Additionally, Plaintiff concedes that Defendants are in the best position to know about outstanding documents.  Id.  Despite touting their "vital importance," Plaintiff's cannot say which documents are specifically outstanding, and instead expect the Court to allow them to rummage through Defendants' storage spaces.  Id. at 1-2.  This Court granted Plaintiff the opportunity to clearly lay out what they are missing in 3-pages, and instead, Plaintiff declined that invitation and cited no documents that they are seeking.  Conversely, Defendants argue that the document production includes the amounts that Defendants' clients paid for particular jobs.  Def. Suppl. at 2.

On balance, the Court is deeply troubled that Plaintiff waited so long to raise alleged deficiencies with the Defendants' document production.  In deciding whether to reopen discovery, the "primary consideration" is "whether the moving party can demonstrate diligence."  See In re: Gen. Motors LLC, No. 14-mc-2543 (JMF), 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) (citing Kassner v. 2d Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007)).  Here, Plaintiff had the document production

for months (since March 2023) and failed to raise any issues with the production with the Court until July 21, 2023, just days before the close of fact discovery.  Dkt. No. 90.  The July 21 letter notes the close proximity to the fact discovery deadline, and states Plaintiff was waiting for deposition transcripts and was unable to schedule a telephonic meet and confer with Defendants due to scheduling conflicts and the July 4th holiday.  Id.  The letter did not ask the Court to compel any document production, but instead asked for a forensic expert examination at Defendants' cost, id. at 3, a request that the Court denied.  July 27 Order.  This Court finds that there is not good cause to reopen discovery with respect to document production.  Plaintiff was not diligent in raising any issues with the document production, and this Court remains satisfied by Defendants' counsel's representations that the document production included relevant documents.  See, e.g., Agapito v. AHDS Bagel, LLC, No. 16-CV-8170 (JPO), 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (denying a request to reopen discovery for failure to establish good cause where the moving party did not "offer any explanation of why they failed to timely file a motion to compel.").

Additionally, Plaintiff continually notes deficiencies that Defendants are able to credibly rebut as included in the document production.  For example, Plaintiff previously noted that follow-up sheets were not included, Pl. Motion to Reconsider at 3, but Defendants stated the document production included a document titled "Job Follow-Up Report."  Def. Opp. at 3.  Now Plaintiff argues that the invoices and documents provided do not show the amounts clients paid to Defendants.  Pl. Suppl.

at 1.  Defendants state that the production includes the amounts paid by clients.  Def. Suppl. at 2.

Reconsideration is a "strict" standard and "will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).  On balance, this Court is not persuaded that Plaintiff has introduced any new information warranting the Court's reconsideration of its August 31 Order with respect to outstanding documents.  Plaintiff had the opportunity to challenge the document production any time before the close of discovery in the months that they had the production.  Plaintiff also had the opportunity to credibly tell this Court which documents were still needed related to the SCR.  See October 5 Order ("Plaintiff is directed to file a letter . . . citing which documents are still outstanding").  Instead, Plaintiff's supplemental letter relies on a general assertion that the production doesn't show what was paid, Pl. Suppl. at 1, which Defendants credibly rebut.  Def. Suppl. at 2.  Therefore, the Court is satisfied that Defendants' document production complied with its March 16 SCR Order and will not reopen discovery for SCR document production.

### B. Outstanding Depositions

The Court notes that the Parties have known of the need to complete the outstanding depositions for over a year. In District Judge Schofield's last discovery extension order on September 7, 2022, Judge Schofield issued a memo endorsement where the Parties requested an extension of deadlines to "complete [] depositions."

Dkt. No. 40 at 2. Subsequently, District Judge Rochon's discovery extension order issued a memo endorsement extending discovery where the Parties were "unable to complete" the depositions of Plaintiff, Defendant Markowitz, and Brendan McCarrick. Dkt. No. 49 at 2. Even this Court noted the outstanding depositions before the close of fact discovery. <u>See</u> June 20 Order; July 27 Order. This Court issued specific rulings with respect to the continued depositions of Defendant Markowitz and witness McCarrick in April and May 2023. April 27 McCarrick Order; May 18 Markowitz Order.

Months later, on July 21, 2023, Plaintiff wrote to request this Court compel Defendants to schedule the depositions of additional non-parties, and cited that the depositions of Defendant Peter Markowitz, Patrick Rice, Brendan McCarrick and Plaintiff still needed to be completed. Dkt. No. 91. In response, this Court denied Plaintiff's request to compel the scheduling of additional depositions, noted the depositions of Parties had still not been completed, and ordered that further discovery extension requests be made via joint letter noting any disagreement. July 27 Order. Defendants argue that Plaintiff's request to extend discovery to complete these depositions should be denied because Plaintiff only made minimal efforts to schedule outstanding depositions. Def. Opp. at 2.

From April 2023 to June 2023, this Court heard from the Parties on a variety of issues, including outstanding depositions. <u>See</u> April 27 McCarrick Order; May 18 Markowitz Order. On June 20, 2023, this Court set a new fact discovery deadline of July 30, 2023, based on a letter filed by Defendants that the Parties were working to

schedule the continued depositions.  June 20 Order.  Having exhausted the Court's patience on this issue, on August 31, 2023, a month after fact discovery closed, this Court denied Plaintiff's request to reopen fact discovery to complete these depositions. August 31 Order.  Plaintiff asks the Court to reconsider its August 31 Order arguing that Plaintiff was awaiting additional documents to complete the depositions.  Pl. Motion to Reconsider.  This Court has already ruled that there will be no further document production ordered by this Court in this action, see supra Part A, so there is no good cause to reopen the depositions for any further documents.

Plaintiff alleges that it is prejudicial to require them to depose and re-depose witnesses in a piecemeal fashion based on Defendants' "still incomplete document production[.]" Pl. Motion to Reconsider at 2.  This claim is not substantiated by the history of discovery in this action.  In March 2023, after this Court ordered Defendants to produce documents, they produced over 1,200 pages of documents related to the data underlying the SCR. Dkt. No. 72.  Plaintiff and Defendants sought the Court's intervention on the depositions of McCarrick and Markowitz in April and May 2023, April 27 McCarrick Order; May 18 Markowitz Order.  Specifically, this Court granted an enlargement of the Markowitz deposition based on Plaintiff's assertion that the SCR pages produced in Defendants' document production were not available at Markowitz's initial deposition on October 12, 2022. Dkt. No. 84 at 3; May 18 Markowitz Order at 2-3.  In the May 18 Markowitz Order, this Court noted that Plaintiff received documents in March 2023 and did not request an enlargement of the deposition for over a month.  Id. at 2.  This Court nevertheless granted an

14

enlargement of the deposition and ordered that Defendant Markowitz sit for a continuing deposition for a total of 3.5 hours.  Id. at 3.  It is clear that Plaintiff was not waiting for further documents to complete the deposition, and instead expressly requested an enlargement of time to complete the deposition based on the SCR documents that had already been produced.  Therefore, this Court is not persuaded by Plaintiff's arguments that the depositions could not be completed because documents were outstanding.

Additionally, finding that Plaintiff was not diligent in completing the outstanding depositions, this Court is not moved that it should reconsider its August 31 Order.  Both Parties blame the other for not scheduling the depositions in a timely manner, Pl. Motion to Reconsider; Def. Opp.  However, this Court need only address the diligence (or lack thereof) of the moving party, Plaintiff.  While Plaintiff argues that they were awaiting further documents to complete the depositions, Dkt. No. 91, this Court has already found that Plaintiff was not diligent in seeking this documentation and similarly further finds that Plaintiff was not diligent in completing depositions.  Further, if Defendants were at fault, Plaintiff could have filed a motion to compel them to schedule the outstanding depositions and this Court would have set a date certain for depositions. See, e.g., April 27 McCarrick Order.

As stated previously, the May 18 Markowitz Order specifically addressed the continued deposition of Defendant Markowitz and for months the deposition was not completed.  Further, the lack of diligence in timely filing requests for extensions to complete these depositions weighs against reopening discovery, see, e.g., Dkt. Nos.

87, 99. This Court has been gracious and flexible in allowing Plaintiff to miss deadlines without repercussions, but this is a bridge too far given the history of this case.

"[A] party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." Saray Dokum v. Madeni Aksam Sanayi Turizm A.S., 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (citation and internal quotation marks omitted). Here, considering Plaintiff's knowledge of their ability to file letters seeking to compel the scheduling of depositions, see Dkt. No. 91 (seeking to compel depositions of three additional non-parties), and this Court's warning before the close of discovery that a request to extend discovery deadlines should be made via joint letter, July 27 Order, this Court does not find diligence on the part of Plaintiff nor good cause to reopen discovery.

Also, considering the other factors to reopen discovery, while trial is not imminent, the request is opposed by Defendants, Defendants are prejudiced by the continued discovery delays in this action, it was foreseeable for over a year that these depositions needed to be completed, and this Court is not persuaded that any relevance would outweigh the burden. Therefore, this Court will not reopen discovery to allow for the completion of these depositions.

### i.   This Court's July 27 Order and August 31 Order

Plaintiff argues that this Court's July 27 Order extended fact and expert discovery, so deadlines have not elapsed. Pl. Suppl. at 3-4. This is inaccurate. This Court's July 27 Order did not extend discovery deadlines. In fact, the Order stated

that further requests for extensions of discovery deadlines should be made via joint letter, including the opportunity to note any opposition.   July 27 Order at 2. Additionally, all discovery extensions issued by this Court have included or adopted new deadlines for discovery.   See, e.g., March 31 Order, April 18 Order, June 20 Order.  The July 27 Order included no new dates because no discovery extension was granted.  The July 27 Order did state, "Plaintiff may retain a forensics expert at his own cost and renew the request for sanctions to recover the costs if new information arises."  Id. at 2.

Plaintiff states that they relied on the Court's July 27 Order, Pl. Motion to Reconsider at 1; Pl. Suppl.; but this does not explain why depositions of fact witnesses were not completed prior to the July 30th fact discovery deadline.  Plaintiff's argument is also belied by Plaintiff's letter on August 31 asking for an "enlargement [of] the July 30, 2023 fact discovery" deadline.  Dkt. No. 99.  This signals that Plaintiff understood the fact discovery deadline to be July 30.

Plaintiff contends that further fact and expert discovery are necessary to prevent manifest injustice, but this Court disagrees.  As stated previously, Plaintiff has known about the need to complete these depositions for over a year.  This Court extended fact and expert discovery for the purposes of completing the outstanding depositions in its June 20 Order.  Additionally, as no further documents are being ordered, this Court does not see any "manifest injustice" in not allowing Plaintiff to complete depositions that should have been completed, most generously, by July 30.

The Court's August 31 Order extended expert discovery to October 2, 2023 for the sole purpose of a forensic expert examination narrowly tailored to the work devices of "Defendant McCarrick." August 31 Order at 2. The Court noted that the "only scintilla of evidence . . . of potential misconduct . . . was with respect to Defendant McCarrick." Id. This Court based the August 31 ruling on a request from Plaintiff to image the work computers and servers of "Plaintiff, **Defendant McCarrick**, Defendant Condon, and of Patrick Rice." Dkt. No. 99 (emphasis added). Subsequently, Defendants notified this Court that McCarrick was not in fact a Defendant in this action. Dkt. No. 101. This Court reconsidered its prior ruling allowing the forensic examination of McCarrick's devices because he was not a party and imaging is generally appropriate where a *litigant* has hidden relevant information. [Aminov v. Berkshire Hathaway Guard Insurance Cos.](), 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022). Considering this series of events, it strains reason that Plaintiff can claim substantial reliance on this Court's July 27 Order and August 31 Order in not completing depositions, when the July 27 Order did not extend discovery and the August 31 Order extended discovery for the sole purpose of a forensic examination that this Court subsequently reconsidered.

## C. Economic Damages Expert

Plaintiff states they conveyed their "intent to retain 'an economic damages expert'" from March 23, 2022. Pl. Suppl. at 3 (citing Dkt. No. 23, No. 9). Plaintiff further stated, "Plaintiff gave ample notice that a damages expert would be included in this case in compliance with Rule 26(a)." Id. Defendants counter that Plaintiff did

not comply with their Rule 26(a) obligations and still haven't disclosed the identity of their damages expert.  Def. Suppl. at 4.  Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial . . ."  Fed. R. Civ. P. 26(a)(2)(A).  "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  The rules are clear that the identity of expert witnesses must be disclosed within the expert discovery period ordered by the Court.  Fed. R. Civ. P. 26(a)(2)(D).

The operative expert discovery deadline in this case was August 30, 2023.  June 20 Order.  Plaintiff argues their August 31 motion reiterated Plaintiff's request to extend both the fact and expert discovery timelines.  Pl. Suppl. at 4 (citing Dkt. No. 99).  The Court notes that this request was after the discovery deadlines elapsed, so it was in fact a request to reopen discovery.  See Dkt. No. 100 at 2-3.  Finally, Plaintiff argues "Defendants also produced an expert report on August 30th, without any advance notice or warning."  Pl. Motion to Reconsider at 1.  Defendants clearly complied with the Court's June 20 Order setting an expert discovery deadline of August 30, and their obligations under Fed. R. Civ. P. 26(a)(2)(B).  Both this Court's June 20 Order and Defendants actions show clear notice that the expert discovery deadline in this action was August 30, 2023.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Here, Plaintiff alleges that Plaintiff retained the subject damages expert "months ago."  Pl. Motion to Reconsider.  Plaintiff offers no justification for the lack of disclosure except that Plaintiff thought the deadline had not elapsed and Plaintiff was awaiting outstanding SCR documents.  Pl. Suppl. at 3-4; Dkt. No. 99. This Court does not find that to be substantial justification for not disclosing their damages expert in a timely manner, nor does this Court find the failure to be harmless.  While Defendants may have had notice that Plaintiff planned to utilize a damages expert, Pl. Suppl. at 2, Plaintiff offers no evidence that the disclosure complied with Rule 26.  Further, Defendants complied with their obligations to disclose their forensic expert, id., and Plaintiff offers no justification of why that did not prompt Plaintiff to disclose their damages expert.

On August 31, 2023, after the expert discovery deadline elapsed, Plaintiff alleged that outstanding SCR documents were necessary for the damages expert report.  Dkt. No. 99.  This Court is not persuaded that this prevented Plaintiff from disclosing their expert.  See supra Part A.  Further, this Court gave Plaintiff the opportunity to provide supplemental information on their failure to timely disclose. See October 5 Order ("Defendants alleged that Plaintiff failed to timely disclose a damages expert in violation of Fed. R. Civ. P. 26(a)(2). Def. Opp. at 3. Plaintiff may also respond on that issue in their letter.").  Instead, Plaintiff relies on the argument

20

that this Court extended discovery deadlines and Defendant had constructive knowledge of their economic damages expert.  Pl. Suppl. at 4-5.  This Court finds no reason to reopen discovery for the purpose of Plaintiff's damages expert.  See Softel, Inc. v. Dragon Med. and Sci. Commun., Inc., No. 87 CIV. 0167 (JMC), 1990 WL 164859 (S.D.N.Y. Oct. 24, 1990), order aff'd and remanded, 118 F.3d 955 (2d Cir. 1997) (denying discovery extension to accommodate an expert witness where movant did not "unexpectedly discover[ ] the existence of an important witness" and "may have been considering a new expert for several months").  Therefore, discovery in this action will not be reopened and Pl. Motion to Reconsider is DENIED.

**The Clerk of the Court is respectfully requested to close the motion at Dkt. No. 102**.

SO ORDERED.

DATED:     New York, New York
           November 9, 2023

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

21