UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW LEBENNS,<br><br>                                    Plaintiff,<br><br>-against-<br><br>FROST PRODUCTIONS et al.,<br><br>                                    Defendants. | Case No. 1:21-cv-11155 (JLR) (JW)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Andrew Lebenns ("Plaintiff") brings this action under federal and state law against his former employers Frost Productions, Frost Lighting Inc., John Condon, and Peter Markowitz (together, "Defendants"). ECF No. 1. The Court presumes familiarity with the facts of this case and includes only those necessary to resolve the instant objections. Plaintiff objects to an order by Magistrate Judge Willis, issued on reconsideration of a previous order, denying Plaintiff's request for a forensic expert to review the work computer and personal cell phone of Brendan McCarrick ("McCarrick"), one of Plaintiff's former supervisors. ECF No. 107 (the "October Order"). For the reasons stated below, Plaintiff's objections are OVERRULED.

## BACKGROUND

      On June 20, 2023, after a series of discovery disputes, the magistrate judge set a fact-discovery deadline of July 30, 2023, and expert-discovery deadline of August 30, 2023. ECF No. 88. On July 27, 2023, the magistrate judge issued an order that, among other things, denied Plaintiff's request that Defendant be required to pay for a forensic-expert examination of McCarrick's work computer and cell phone, stating that "Plaintiff may retain a forensics

expert at his own cost and renew the request for sanctions to recover the costs if new information arises." ECF No. 95 (the "July Order") at 1.

On August 31, 2023, the magistrate judge denied Plaintiff's request to reopen fact discovery, but extended discovery to October 2, 2023 solely to allow Plaintiff's forensic expert to examine McCarrick's personal cell phone and work computer for emails and text messages during the relevant period. ECF No. 100 (the "August Order") at 2. The magistrate judge noted that the "only scintilla of evidence Plaintiff offered of potential misconduct or information likely to produce relevant evidence was with respect to Defendant McCarrick." *Id.* at 3. As the magistrate judge later noted, she "based the August [Order] on a request from Plaintiff to image the work computers and servers of 'Plaintiff, *Defendant McCarrick*, Defendant Condon, and of Patrick Rice.'" ECF No. 122 at 18 (quoting ECF No. 99).

Both parties moved for reconsideration of the August Order, during which Defendants informed the magistrate judge that McCarrick was not a party in this action and that Defendants had no control over McCarrick's personal cell phone. *See* ECF No. 101 at 1; *see also* ECF No. 102. On October 5, 2023, the magistrate judge issued an order that, among other things, reconsidered her prior ruling allowing forensic examination of McCarrick's electronic devices. October Order at 1.[1]

In granting Defendants' motion for reconsideration of the August Order, the magistrate judge stated:

---

[1] In the October Order, the magistrate judge did not rule on Plaintiff's motion to reconsider an extension of the discovery deadlines, instead directing additional briefing on what discovery documents had been exchanged and which documents were still outstanding. *See* October Order at 3. The parties submitted this supplemental briefing. ECF Nos. 109, 118. On November 9, 2023, the magistrate judge found that no further document production from Defendants was necessary. ECF No. 122 at 1. Reconsideration of that decision by the magistrate judge is not before the Court at this time.

> Had the Court fully appreciated Brendan McCarrick's role in the case, the Court would have reached a different ruling with respect to the inspection of his electronic devices. As Brendan McCarrick is not a party to this action, the Court no longer believes that inspection of his devices is appropriate. Additionally, as the Court previously noted that the only scintilla of evidence of potential misconduct was with respect to Brendan McCarrick, the Court now finds that no forensic expert examination is warranted.

*Id.* at 2. On October 19, 2023, Plaintiff filed objections to the October Order.[2] ECF Nos. 112 ("Mot."), 119 ("Br."). Defendants opposed the objections on November 3, 2023. ECF No. 121 ("Opp."). Plaintiff filed a reply brief in support of his objections on November 11, 2023, ECF No. 123 ("Reply"), after which Defendants filed a letter, ECF No. 124 – and ultimately a memorandum of law, ECF No. 126 – urging the Court to disregard Plaintiff's reply as unauthorized under Federal Rule of Civil Procedure ("Rule") 72. Plaintiff filed additional letters urging the Court to disregard these submissions as unauthorized surreplies. ECF Nos. 125, 127.

## DISCUSSION

### I. Standard of Review

For a magistrate judge's decision on nondispositive matters, including discovery disputes, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)). A magistrate

---

[2] Plaintiff filed his Objections as a "Motion for Reconsideration." *See generally* Mot. Because Plaintiff challenges an order by the magistrate judge and not an opinion of this Court, the Court assumes that Plaintiff did not file a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 59 but is instead objecting to the magistrate judge's order under Rule 72(a). *See* ECF No. 127 at 1 (acknowledging that Plaintiff objected to the magistrate judge's "non-dispositive Order under Fed. R. Civ. P. 72(a)").

3

judge's decision is clearly erroneous when "on the entire evidence, [the district court] is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted); *accord Bromfield v. Bronx Leb. Special Care Ctr., Inc.*, No. 16-cv-10047 (ALC), 2020 WL 495460, at *1 (S.D.N.Y. Jan. 30, 2020). A magistrate judge's ruling is contrary to law when "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (brackets, quotation marks, and citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-cv-04546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018) (citation omitted).

II.   **Analysis**

Although Plaintiff may disagree with the magistrate judge's ruling, her decision was not clearly erroneous or contrary to law. "Forensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." *loanDepot.com, LLC v. CrossCountry Mortg., LLC*, No. 22-cv-05971 (LGS), 2023 WL 3884032, at *9 (S.D.N.Y. June 8, 2023) (citation omitted). "[C]ompelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures." *Aminov v. Berkshire Hathaway Guard Ins. Cos.*, No. 21-cv-00479 (DG) (SJB), 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022) (citation omitted). Some courts have ordered forensic examination "when there is reason to believe that a litigant has tampered with the computer or hidden relevant materials." *Id.* (citation omitted). Here, however, McCarrick is not a party to this litigation.

The magistrate judge relied on this fact to explain why she "no longer believes that inspection of his devices is appropriate." October Order at 2. Nothing about this reasoning leaves this Court "with the definite and firm conviction that a mistake has been committed." *Easley*, 532 U.S. at 242 (citation omitted). Nor does the magistrate judge's ruling "fail[] to apply or misappl[y] [the] relevant" law. *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 512 (citation omitted).

Plaintiff first argues that the July Order authorizing forensic examination was correctly decided. *See* Br. at 4-15. This part of Plaintiff's argument, however, does not discuss the July Order so much as it charts the history of the parties' ongoing discovery dispute. Plaintiff does not explain why this overview is relevant to the Court's review of the October Order under Rule 72(a).

More relevantly, Plaintiff argues that the magistrate judge erred in reversing the July Order for three reasons: (1) the record provided clear notice that McCarrick was not a defendant in this case; (2) Defendants continue to have sole control over McCarrick's work computer as his former employer; and (3) the October Order lacked a viable basis for reversing the July Order. *See* Br. at 16-22. Plaintiff also asserts that he would be prejudiced by having to rely on Defendants to produce "vital documents against their interests absent forensic examination." *Id.* at 22 (capitalization omitted). The Court addresses each of these arguments in turn.

Even if true, Plaintiff's claim that the "pleadings, party submissions, and court hearings" in this case "all gave clear notice that Brendan McCarrick was not a defendant" does not identify any mistake committed in the October Order. Br. at 17 (further capitalization omitted). The magistrate judge noted that she had "erroneously believed that Brendan McCarrick was a defendant in this action based on a mistake in Plaintiff's

5

submission." October Order at 2. That the record may have contained clues as to McCarrick's non-party status does not have any bearing on the magistrate judge's statement that "[h]ad the Court fully appreciated Brendan McCarrick's role in the case, the Court would have reached a different ruling with respect to the inspection of his electronic devices." *Id.*

Plaintiff also argues that forensic examination of McCarrick's work computer remains appropriate because the computer is in Defendants' sole control. *See* Br. at 18-19. Plaintiff argues that McCarrick's status as a non-party does not justify the magistrate judge's decision "to suddenly bar forensic examination of his work computer" because she "initially held that the 'scintilla' of misconduct warranted forensic examination of McCarrick's work devices." *Id.* at 18 (further capitalization omitted). However, the October Order explained that forensic examination was no longer appropriate given McCarrick's newly recognized status as a non-party. *See* October Order at 2. In making this assessment, the magistrate judge implicitly weighed the evidence of potential misconduct against McCarrick's connection to the case. Plaintiff does not explain how Defendants' continued possession of McCarrick's work computer affects that analysis.[3]

Plaintiff's claim that the October Order lacked a "viable basis" for reversing the July Order similarly fails. Br. at 19 (capitalization omitted). At bottom, Plaintiff appears to challenge the October Order as inconsistent with the July Order; while the July Order left open the possibility that Plaintiff could retain a forensic expert to examine the work devices of Defendant Markowitz, Patrick Rice, and Plaintiff, the October Order barred such examination. *See id.* at 20-22. The July Order, however, permitted – but did not require – Defendants to

---

[3] Plaintiff also mischaracterizes the July Order, which did not, as he asserts, order Defendants to submit to a forensic examination. *See* Br. at 18. Rather, it stated only that "Plaintiff may retain a forensics expert at his own cost." July Order at 1.

6

submit to a forensic examination of certain individuals' devices. *See* July Order at 1. The August Order further resolved any apparent inconsistency. In the August Order, the magistrate judge considered – and denied – Plaintiff's request for a forensic expert to examine the devices of individuals other than McCarrick, stating that "the only scintilla of evidence Plaintiff offered of potential misconduct or information likely to produce relevant evidence was with respect to Defendant McCarrick." August Order at 3. To the extent that Plaintiff challenges this conclusion – that the only evidence of potential misconduct was with respect to McCarrick – he largely rehashes arguments that the magistrate judge already considered and rejected. *See Kumaran v. Vision Fin. Mkts., LLC*, No. 20-cv-03871 (GHW), 2022 WL 17540669, at *6 (S.D.N.Y. Dec. 6, 2022). For example, in his letter motion for reconsideration of the August Order, Plaintiff stressed the need for forensic examination to uncover communications among Defendant Markowitz, Defendant Condon, Patrick Rice, and McCarrick. *See* ECF No. 102 at 4. "The magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Kumaran*, 2022 WL 17540669 at *6 (brackets and citation omitted). Rather, Plaintiff bears the burden of establishing that the magistrate judge's order was clearly erroneous or contrary to the law. Here, Plaintiff has not explained why the magistrate judge – in either the August Order or the October Order – clearly erred in denying forensic examination for the devices of Brendan McCarrick, or in denying forensic examination for the devices of other individuals.

In asserting prejudice from the October Order, Plaintiff claims that Defendants have not produced "vital documents." Br. at 24. However, he does not point to any specific documents or clarify which documents he wants Defendants to produce. Plaintiff also requests to extend the deadlines for fact and expert discovery. *Id.* The Court denies this

request as moot given the magistrate judge's order on November 9, 2023, denying this same request. ECF No. 122.

Finally, the Court declines to consider the submissions at ECF Nos. 123 to 127, filed after Plaintiff's initial objections, ECF No. 119, and Defendants' initial response, ECF No. 121. Rule 72(a) does not permit replies for objections to a magistrate judge's order on nondispositive matters without the Court's permission. *See Tiffany & Co. v. Costco Wholesale Corp.*, No. 13-cv-01041 (LTS) (DCF), 2013 WL 5677020, at *2 n.2 (S.D.N.Y. Oct. 18, 2013) (striking a party's reply brief "filed, without Court permission, in support of its objection" because Rule 72(a) "does not require the Court to permit a party to file a reply in support of an objection"); *Hervochon v. Iona Coll.*, No. 14-cv-06017 (CS), 2019 WL 1375359, at *1 n.1 (S.D.N.Y. Mar. 27, 2019) (recognizing the court's discretion to disregard a reply memorandum of law filed without permission in support of a party's Rule 72(a) objections to a magistrate judge's report and recommendation). Here, the parties did not seek leave from the Court before filing their supplemental letters and briefs.

Even if the Court were to consider these submissions, Plaintiff raises in his reply new arguments that the Court should reverse the October Order because it conflicts with what he describes as the law of the case under the July Order and the August Order. *See* Reply at 4-9. "Courts generally do not entertain new legal arguments not presented to the magistrate judge." *Kumaran*, 2022 WL 17540669, at *6 (citation omitted; collecting cases). In any event, the October Order is consistent with both the July Order and August Order. As discussed above, the July Order permitted, but did not require, Defendants to submit to a forensic examination. *See* July Order at 1. The August Order directed Defendants "to allow Plaintiff's forensic expert to examine the work computer and cell phone of Defendant McCarrick." August Order at 3. But after realizing that McCarrick is not a defendant, the magistrate judge issued the

8

October Order, noting that she "would have reached a different ruling with respect to the inspection of [McCarrick's] electronic devices" had she "fully appreciated Brendan McCarrick's role in the case." October Order at 2. The magistrate judge did not clearly err by declining to justify her ruling beyond the explanation that she already provided.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to the October Order are overruled. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 112 and 127.

Dated: November 30, 2023
       New York, New York

                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge