UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

                              Plaintiff,

        -against-

FROST PRODUCTIONS et al.,

                             Defendants.

Case No. 1:21-cv-11155 (JLR) (JW)

**MEMORANDUM**
**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Andrew Lebenns ("Plaintiff") brings this action under federal and state law against his former employers Frost Productions, Frost Lighting Inc., John Condon, and Peter Markowitz (together, "Defendants"). ECF No. 1. The Court presumes familiarity with the facts of this case and includes only those necessary to resolve the instant objections. Plaintiff objects to an order by Magistrate Judge Willis (ECF No. 122) denying Plaintiff's motion to reconsider her prior ruling closing discovery in this case. ECF No. 128. For the reasons stated below, Plaintiff's objections are OVERRULED.

## BACKGROUND

    On June 20, 2023, after a series of discovery disputes, Magistrate Judge Willis set a fact-discovery deadline of July 30, 2023, and an expert-discovery deadline of August 30, 2023. ECF No. 88. On August 31, 2023, the magistrate judge denied Plaintiff's request to reopen fact discovery, but extended discovery to October 2, 2023, solely to allow Plaintiff's forensic expert to examine McCarrick's personal cell phone and work computer for emails and text messages during the relevant period. ECF No. 100 (the "August Order") at 2-3.

1

Both parties moved for reconsideration of the August Order.[1]  *See* ECF Nos. 101-02. Plaintiff requested an extension of the discovery deadlines, citing, among other things, the need for outstanding documents and uncompleted depositions, as well as for Plaintiff's damages expert to submit a report.  ECF No. 102 at 1.  The magistrate judge did not immediately rule on Plaintiff's motion for reconsideration, instead directing additional briefing on what discovery documents had been exchanged, which documents were still outstanding, and whether Plaintiff had failed to timely disclose a damages expert.  *See* ECF No. 107 at 3.  The parties submitted that supplemental briefing.  ECF Nos. 109, 118.  On November 9, 2023, the magistrate judge found that no further document production from Defendants was necessary and declined to reopen discovery.  ECF No. 122 ("November Order") at 1, 21.  On November 29, 2023, Plaintiff filed objections to the November Order.[2] ECF No. 130 ("Br.").  Defendants opposed the objections on December 12, 2023.  ECF No. 133 ("Opp.").

## DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 72, a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a

---

[1] The magistrate judge granted Defendants' motion and reconsidered her prior ruling allowing forensic examination of McCarrick's electronic devices.  ECF No. 107 at 2.  The Court overruled Plaintiff's objections to that order in a previous memorandum opinion.  *Lebenns v. Frost Prods.*, No. 21-cv-11155 (JLR) (JW), 2023 WL 8280405, at *1 (S.D.N.Y. Nov. 30, 2023).

[2] In his notice of motion, Plaintiff referred to his Objections as a "Motion for Reconsideration."  ECF No. 128.  Because Plaintiff challenges an order by the magistrate judge and not an opinion of this Court, the Court assumes that Plaintiff did not file a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59 but is instead objecting to the magistrate judge's order under Federal Rule of Civil Procedure ("Rule") 72(a).  *See* Br. at 1 (referring to Plaintiff's objections to the magistrate judge's November Order, pursuant to Fed. R. Civ. P. 72(a)).

2

copy," but "may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a); *see Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)).  The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Judge Willis issued the November Order on November 9, 2023.  Accounting for Thanksgiving (a legal holiday) on November 23, 2023, the Clerk's Office's subsequent closure on November 24, 2023, and the extension of Rule 72(a)'s deadline over the following Saturday and Sunday, Plaintiff's time to file objections expired on November 27, 2023.  *See* Fed. R. Civ. P. 6(a) (describing the rules for computing time in the Federal Rules of Civil Procedure).  Despite his assertion to the contrary, Plaintiff's November 29, 2023 objections to the November Order are untimely.  *See* Br. at 1 n.1.

The Court may overrule Plaintiff's objections solely because they are untimely.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (citation omitted)).  Courts in this Circuit have concluded that a party's failure to timely object is sufficient, without more, to dismiss the party's objections without further analysis.  *See, e.g.*, *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517-18 (S.D.N.Y. 2013) (dismissing as untimely objections filed one day after Rule 72(a)'s 14-day deadline and declining to consider them further); *King Harvest Dev. Ltd. v. Li*, No. 08-cv-08494 (DAB), 2011 WL 2652184, at *1 & n.1 (S.D.N.Y. June 28, 2011) (same); *In re Application of XPO Logistics, Inc.*, No. 15-mc-00205 (LGS), 2016 WL 3528195, at *2 (S.D.N.Y. June 22, 2016) (overruling a Rule 72(a) objection solely because it was filed one day after the 14-day deadline); *Humphreys v. N.Y.C. Health & Hosps.*

*Corp.*, No. 16-cv-09707 (VSB), 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023) (noting that "[u]ntimeliness alone is grounds to dismiss" a Rule 72(a) objection filed by a *pro se* plaintiff one day after an extended deadline). Therefore, the Court denies Plaintiff's Rule 72(a) objection as untimely.

Even if Plaintiff's objection were timely, the Court would still deny it. Rule 72(a) permits the Court to modify or set aside an order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Based on the facts and circumstances here, the magistrate judge's November Order was not clearly erroneous or contrary to law. The magistrate judge did not err in denying Plaintiff's motion for reconsideration of her August Order and declining to reopen discovery. A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). In his motion, Plaintiff rehashes his prior arguments and does not identify an "intervening change of controlling law, the availability of new evidence, or" a "clear error" of any kind. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It was not clearly erroneous or contrary to law to deny it. Therefore, Plaintiff's objection fails on the merits as well.

## CONCLUSION

Plaintiff's Rule 72(a) objections to the November Order are overruled. Because discovery is now closed, the parties shall appear for a post-discovery conference on **January 23, 2024 at 11:30 a.m.**, for which the Court reminds the parties of its deadlines in

Individual Rules 2.F and 3.I. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 128.

Dated: December 14, 2023
       New York, New York

                                       SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge