```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

                Plaintiff,

-against-

FROST PRODUCTIONS, et al.,

                Defendants

21-CV-11155 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    In the past 24 hours, the Court has received: (1) the parties' joint Motion for Settlement Approval (Dkt. 178), attaching their Settlement and Release Agreement concerning plaintiff's FLSA claims; (2) a letter from plaintiff's counsel (Dkt. 179), attaching counsel's retainer agreements, invoices reflecting transcription expenses incurred in connection with this action, and a heavily redacted copy of counsel's time records, disclosing the days and hours she worked on this action but concealing every entry describing her work; and (3) an *ex parte* email, sent by plaintiff's counsel, concerning the timing of plaintiff's recent request (Dkt. 176) to file counsel's time records entirely under seal, at the *ex parte* level.

## The Email

    The parties are reminded that communications with the Court "should be by motion or letter, filed on ECF." Moses Ind. Prac. § 1(a). "Except for confidential settlement letters . . . or as specifically directed by chambers in advance, the Court will not accept letters or motions from counseled parties by email, fax, telephone, or hard copy mailed or delivered directly to chambers." *Id*. If a motion or letter contains confidential information warranting sealing or redaction, the filing party must comply with Moses Ind. Prac. § 3, as well as § 6 of this District's Electronic Case Filing Rules & Instructions (ECF Rules), available at https://nysd.uscourts.gov/rules/ecf-related-instructions.

## The Redacted Time Records

    As noted above, plaintiff previously sought leave to file his attorney's time records entirely under seal, at the *ex parte* level. He did *not* request leave to file those records in redacted form. Nor did he comply with Moses Ind. Prac. § 3 or the relevant provisions of the ECF Rules. The Court denied plaintiff's sealing request yesterday afternoon, explaining:

> [B]eyond making a single, generic reference to the "sensitive, confidential nature of these documents," plaintiff's letter fails to explain what "countervailing factors" or "higher values" overcome the "presumption of public access," which "extends to any judicial document, that is, any document relevant to the performance of the judicial function and useful in the judicial process." *Armenta v. Dirty Bird Grp., LLC*, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014) (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks and

citations omitted); *see also Lugosch*, 435 F.3d at 120 ("Broad and general findings by the trial court . . . are not sufficient to justify closure.") (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

(Dkt. 177.) The Court then directed plaintiff to "promptly file" his attorney's time records "as previously directed." (*Id.*)

Instead of filing the time records on the public docket, however, plaintiff filed them in heavily redacted form, without having sought, much less obtained, permission to do so – thus, in effect, awarding himself most of the relief denied hours earlier by the Court.

The Court cannot permit a party to engage in self-help in violation of its prior orders, its Individual Practices, and the ECF Rules. Consequently, no later than **May 17, 2024**, plaintiff must either:

    a.    File his counsel's time records on the public docket, unredacted (except to the extent permitted by Fed. R. Civ. P. 5.2 and Moses Ind. Prac. § 3(g)); or

    b.    Seek leave for the proposed redactions in compliance with Moses Ind. Prac. § 3 and the ECF Rules. This requires, among other things, that plaintiff: (i) electronically file a letter-motion for leave to redact; explain, in the letter-motion, "the *particular reasons* for seeking to file [the information to be redacted] under seal" (emphasis added); and "electronically file under seal a copy of the unredacted document, with the proposed redactions highlighted," and relate that filing to the letter-motion. Moses Ind. Prac. § 3(a), (b), (d). Plaintiff is reminded that, "[t]o be approved, any sealing or redaction of a court filing must be narrowly tailored to serve the purpose that requires the sealing or redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents," as described in *Lugosch*, 435 F.3d at 119-20. *See* Moses Ind. Prac. § 3(e).

Dated: New York, New York            **SO ORDERED**.
       May 14, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**