```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

              Plaintiff,

-against-

FROST PRODUCTIONS, et al.,

              Defendants

21-CV-11155 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court will conduct a telephonic conference on **May 28, 2024, at 2:30 p.m.** A few minutes before the scheduled conference, the parties must call **(888) 557-8511** and enter the access code **7746387**. At the conference, the parties should be prepared to discuss the time records submitted to the Court, and the Court's requirements for filing such records.

    The Court has now explained – twice – that if plaintiff wishes to submit his counsel's timesheets in redacted form,[1] he must "[s]eek leave for the proposed redactions in compliance with Moses Ind. Prac. § 3 and the ECF Rules." (Dkt. 180 at 2; Dkt. 182 at 2.) This requires, among other things, that plaintiff: (i) electronically file a letter-motion for leave to redact; (ii) explain, in the letter-motion, "the *particular reasons* for seeking to file [the information to be redacted] under seal" (emphasis added); and (iii) "electronically file under seal a copy of the unredacted document, with the proposed redactions highlighted," and relate that filing to the letter-motion. *See* Moses Ind. Prac. § 3(a), (b), (d).

---

[1] To "redact" is "to obscure or remove (text) from a document prior to publication or release." Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/redact; *see also* "Redaction," Black's Law Dictionary, available at https://thelawdictionary.org/?s=redact ("The process of redaction is when a document is modified, edited or revised to have all confidential and sensitive information taken out of it.") (websites last visited May 23, 2024).

Despite these seemingly clear instructions (which echo the equally clear requirements of § 3 of my Individual Practices), plaintiff has now filed a version of his counsel's timesheets "with confidential information removed" (Dkt. 183 at 1) – *that is, redacted*.  However, plaintiff has *not* filed a letter-motion seeking leave to do so; has *not* explained, in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny, what "particular reasons" require the removal of what counsel categorizes generically as "confidential information"; and has *not* filed the original (unredacted) timesheets under seal, for review by this Court.[2]

While this Court has no desire to further delay the approval process for the parties' settlement, it cannot permit plaintiff to ignore *Lugosch* or violate its rules and orders.

Dated: New York, New York  
       May 23, 2024

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[2] The only redactions that do not require these steps are the extremely limited redactions mandated under Fed. R Civ. P. 5.2(a) (social security numbers, taxpayer IDs, birth dates, the names of minors, and financial account numbers). Today's letter, stating broadly that "confidential information" was removed, suggests that more substantive revisions were undertaken.