UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

           Plaintiff,

    -against-

FROST PRODUCTIONS, et al.,

           Defendants

21-CV-11155 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    In a joint letter-motion dated May 13, 2024 (Joint Letter) (Dkt. 178), the parties to this action, which includes claims brought under the Fair Labor Standards Act (FLSA), the New York Labor Law, and the common law, seek approval of their fully executed Settlement and Release Agreement (Agreement) (Dkt. 178-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015). The parties agreed to the material terms of the Agreement during a judicially-supervised settlement conference before me on April 12, 2024.[1] Thereafter, they consented to my jurisdiction for all purposes. (Dkt. 172.)

    I find that the terms of the Agreement, both financial and non-financial, are fair and reasonable, as required by *Cheeks*, 796 F.3d at 199. I note, in this regard, that the litigation was hard-fought, and that the settlement terms were vigorously negotiated at arms' length, by experienced counsel on both sides. *See* Joint Ltr. at 2-3. Further, the attorneys' fee allocation (representing one-third of the gross settlement amount) is consistent with the contingency agreement that plaintiff signed (Dkt. 179-7), is well below counsel's lodestar, as revealed by her contemporaneous timesheets (Dkts. 185-2, 186), and is not excessive. I therefore conclude that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Perossio v. Pure Growth*

---

[1] They also agreed to settle plaintiff's non-FLSA claims on confidential terms. *See* Ag. at 1.

*Consulting, LLC*, 2023 WL 1368002, at *2 (S.D.N.Y. Jan. 31, 2023) (quoting *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

Accordingly, the parties' letter-motion (Dkt. 178) is GRANTED, the proposed settlement is APPROVED, and the parties' cross-motions for summary judgment (Dkts. 146, 149) are DENIED as MOOT. It is hereby ORDERED that the parties shall re-file the proposed Stipulation of Dismissal with Prejudice (Dkt. 178-1, at ECF pp. 13-14), signed by counsel for *all* parties, to be so-ordered by the Court.

Dated: New York, New York
May 29, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**