USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LEBENNS,

                Plaintiff,

-against-

FROST PRODUCTIONS, et al.,

                Defendants

21-CV-11155 (BCM)

**ORDER DISMISSING FLSA CLAIMS WITH PREJUDICE**

**BARBARA MOSES, United States Magistrate Judge**.

    In a joint letter-motion dated May 13, 2024 (Joint Letter) (Dkt. 178), the parties to this action, which includes claims brought under the Fair Labor Standards Act (FLSA), the New York Labor Law, and the common law, sought approval of their fully executed Settlement and Release Agreement (Agreement) (Dkt. 178-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015). In that letter-motion, the parties represented that they had also "executed a separate, confidential settlement agreement that resolves Plaintiff's remaining [non-FLSA] claims against Defendants," Joint Letter at 1 n.1, as well as "a Stipulation of Discontinuance [sic] which will discontinue the above-captioned case, with prejudice," *id.* at 1, "in exchange for a payment by Defendants to Plaintiff and Plaintiff's counsel in the amount of $20,000 [the Settlement Amount] in satisfaction for the FLSA claims raised in this action." *Id.*; *see also* Ag. ¶ 4 (requiring defendants to pay the Settlement Amount "[w]ithin thirty (30) calendar days of the date the Court So Orders the Stipulation of Dismissal with Prejudice").

    By order dated May 29, 2024 (May 29 Order) (Dkt. 191), the Court approved the Agreement pursuant to *Cheeks*, denied the parties' pending cross-motions for summary judgment

(Dkts. 146, 149) as moot, and ordered the parties to file a fully-executed Stipulation of Dismissal "to be so-ordered by the Court." May 29 Order at 2.[1]

As of June 11, 2024, no fully-executed Stipulation of Dismissal had been filed. Consequently, the Court directed the parties to submit a joint letter, by June 14, 2024, "explaining why they have not filed the stipulation." (Dkt. 192.) On June 14, 2024, defendangts requested "a two-week extension of time to file the Stipulation of Dismissal," without further explanation. (Dkt. 193.) The Court then scheduled a teleconference for today. (Dkt. 194.) This morning, in advance of the teleconference, plaintiff submitted a letter that revealed – for the first time – that the non-FLSA Agreement has not yet been executed, and asked the Court to assist the parties in resolving a dispute regarding one of the provisions of that settlement.[2] During the teleconference, the parties also revealed – for the first time – that plaintiff's counsel has not yet signed the Stipulation of Dismissal.

The Court defers, for now, the question whether (or what) sanctions are warranted for the affirmative misrepresentations of fact in the Joint Letter. Instead, the Court will (i) dismiss plaintiff's FLSA claims and (ii) give the parties 30 days to resolve their remaining disputes and submit the Stipulation of Dismissal, which will dismiss their non-FLSA claims. The Court takes this step because, as discussed during the teleconference, it is clear from the fully-executed Agreement that (regardless of the status of the non-FLSA Agreement and the Stipulation of Dismissal) plaintiff has fully and effectively released all of his FLSA claims in consideration for

---

[1] The Stipulation of Dismissal attached to the Agreement as Exhibit A was executed by defendants' counsel only. Given the parties' affirmative representations that they had already executed their confidential agreement to settle plaintiff's non-FLSA claims (the non-FLSA Agreement) and the Stipulation of Dismissal, the Court assumed that the failure to attach a fully-executed copy of the Stipulation of Dismissal was a ministerial oversight.

[2] At plaintiffs' request (*see* Dkt. 195), the unredacted version of today's letter, which discusses the substance of the controversial provision, is under provisional seal at Dkt. 196.

2

(among other things) defendants' promise to pay the Settlement Amount once the fully-executed Stipulation of Dismissal is so-ordered by the Court. *See* Ag. ¶ 1 (plaintiff "hereby releases and forever discharges" defendants and certain related persons [the Releasees] "from any and all known and unknown claims . . . in law or equity, of any kind, nature and character, which Plaintiff and each of Plaintiff's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act[.]"); *id*. ¶ 7 ("Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the FLSA concerning Plaintiff's employment with any of the Releasees . . . "); *id*. ¶ 8 ("Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement to release his FLSA claims.").[3]

Consequently, it is hereby ORDERED that the First and Second Causes of Action set forth in plaintiff's Complaint (Dkt. 1), brought under the Fair Labor Standards Act, are DISMISSED WITH PREJUDICE.

It is further ORDERED that, if the parties have not resolved their remaining disputes and filed the Stipulation of Dismissal by **July 18, 2024**, the cross-motions for summary judgment will be restored to the calendar, and the Court will consider the issue of sanctions.

It is further ORDERED that, no later than **July 9, 2024** (if the case has not yet been fully settled), the parties shall submit a confidential joint settlement letter to the Court, by email,

---

[3] Likewise, defendants have "release[d] and discharge[d] Plaintiff from any and all claims, causes of action, debt, liabilities, demand, obligations, liens, promises, acts, agreements, costs and expenses whether known or unknown, including but not limited to any claims related to Plaintiff's purported employment with Defendants, that have arisen on or prior to the date of this Agreement being fully executed by the Parties." Ag. ¶ 2.

updating the Court on their progress and providing their views as to whether a further judicially-supervised settlement conference (likely telephonic) would be useful.

This Order resolves the motion at Dkt. 193.

Dated: New York, New York  
       June 18, 2024

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

4