USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 7/8/2024



LAW OFFICES OF LAURIE E. MORRISON

100 Church Street, 8th Floor
New York, New York 10007

28 Valley Road, Suite #1
Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

June 18, 2024

MEMO ENDORSED

**VIA ECF**
Hon. Barbara Moses, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courthouse 20A, New York, NY 10007
(212) 805-0228; Moses_NYSDChambers@nysd.uscourts.gov

**RE: Lebenns v Frost Productions, et al.; 21-cv-11155-JLR-JW**

Dear Hon. Moses:

In accordance with Rule 3 (a-e) of Your Honor's Individual Rules and with the SDNY's Standing Order, 19-MC-00583, and Section 6 of the ECF Rules & Instructions (which were incorporated by reference therein), Plaintiff respectfully submits this motion to file the unredacted version of this letter under seal, as the information contained therein is highly sensitive and confidential and it is intended for the Court's and opposing counsel's Eyes Only, as it related to the parties' confidential settlement agreement and related negotiations.



ABA Model Rule 5.6(b) states that "A lawyer shall not participate in offering or making:… (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy." (ABA Model Rules of Professional Conduct, Rule 5.6(b)). The rule is premised on three public policy rationales. As explained by the American

Bar Association (ABA): The rationale of Model Rule 5.6 is clear. First, permitting such agreements restricts the access of the public to lawyers who, by virtue of their background and experience, might be the very best available talent to represent these individuals. Second, the use of such agreements may provide clients with rewards that bear less relationship to the merits of their claims than they do to the desire of the defendant to "buy off" plaintiff's counsel. Third, the offering of such restrictive agreements places the plaintiff's lawyer in a situation where there is conflict between the interests of present clients and those of potential future clients. While the Model Rules generally require that the client's interests be put first, forcing a lawyer to give up future representations may be asking too much, particularly in light of the strong countervailing policy favoring the public's unfettered choice of counsel. (ABA Formal Op. 93-371, at 2). Thus, even though a client may be delighted to accept a limitation on her lawyers' future right to represent other similar clients in exchange for receiving herself a larger settlement, and might readily direct her lawyer to enter into that settlement, and Rule 1.2 would normally require a lawyer to follow the client's instructions to accept a settlement agreement (See ABA Model Rules of Professional Conduct, Rule 1.2(a) (providing, in part, that "[a] lawyer shall abide by a client's decision whether to settle a matter."), the lawyer's ability to do so is limited by Rule 5.6(b). (ABA Formal Op. 93-371, at 2).

<u>Indirect Limitations and ABA Opinion 00-417</u> - In Formal Opinion No. 00-417, the ABA Standing Committee on Ethics and Professional Responsibility addressed the application of Rule 5.6(b) to a settlement agreement that prohibited counsel from using information learned during the existing representation in any future representation against the same opponent. Finding that the restriction was impermissible under Rule 5.6(b), the committee explained that, even though it was not a direct ban on any future representation, "[a]s a practical matter . . . [it] effectively would bar the lawyer from future representations because the lawyer's inability to use certain information may materially limit his representation of the future client and, further, may adversely affect that representation." In addition, such a provision would undermine an important policy rationale underlying Rule 5.6(b)—by preventing the use of information learned during the prior representation, the provision would restrict the public's access to the services of a lawyer who, "by virtue of [his] background and experience, might be the most qualified lawyer available to represent future clients against the same opposing party." ABA Formal Op. 00-417, at 2-3 (2000) (As noted by one state ethic's commission, such a restriction on use would also defeat another policy underlying the rule, since it would create a conflict between the present client's interests and those of the lawyer and any future clients. N.Y.

Ethics Op. 730 (2000) (construing N.Y. Code of Professional Responsibility DR 2-108(B), New York's version of Rule 5.6(b)).

[redacted]

"Moreover, if BellSouth's attorneys had read the 1993 ABA Formal Opinion [] they would have learned that "it is instructive to note that when Model Rule 5.6 is read in conjunction with Model **Rule** 8.4(a) **the scope of the prohibition applies, not only to a lawyer agreeing to the restriction, *but also to a lawyer offering or requiring the restriction.*"** ABA Op. 93-371 (emphasis added).

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Plaintiff again thanks the Court for its time and consideration.

Respectfully Submitted,

Laurie Morrison, Esq.

Application GRANTED. SO ORDERED.

Barbara Moses
United States Magistrate Judge
July 8, 2024